# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RAFAEL ORELLANA-HERNANDEZ,      )
                                          )

           Petitioner,          )

                                          )

v.                           )      Case No. CIV-25-1416-PRW

                                          )

PAMELA BONDI, et al.,           )

                                          )

           Respondents.      )

## ORDER

Before the Court is Petitioner Rafael Orellana-Hernandez's Petition for Writ of Habeas Corpus (Dkt. 1). On December 17, 2025, Magistrate Judge Chris M. Stephens issued a Report and Recommendation recommending that the Court grant in part Petitioner's request for habeas relief and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). For the following reasons, the Court declines to adopt the Report and Recommendation (Dkt. 11) and **DENIES** the Petition (Dkt. 1).

### *Background*

Petitioner is an illegal alien and citizen of El Salvador, who is currently in ICE detention at the Kay County Detention Center. On August 26, 2025, ICE arrested Petitioner and served him with a Notice to Appear for immigration proceeding as "an alien present in the United States who has not been admitted or paroled" under 8 U.S.C. § 1182. ICE subsequently detained him pursuant to 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention.

1

The Petition requests that Petitioner either be given a detention hearing or released because ICE has violated both the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. More specifically, Petitioner argues ICE should have detained him pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs.

### Legal Standard

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] An objection is "proper" if it is both timely and specific.[2] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[3] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[4] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[5]

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.* (citation and internal quotation marks omitted).

[4] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[5] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

*Discussion*

**I.      Petitioner is detained under 8 U.S.C. § 1225(b)(2).**

For the reasons given in the Court's Order in *Sosa v. Holt*, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2).[6]

**II.     Petitioner has failed to show a due process violation.**

Petitioner has been in ICE custody since August 26, 2025. As in *Sosa*, "Petitioner's half-hearted due process claim merely quotes the Fifth Amendment, points to a short, non-doctrinal snippet from *Zadvydas v. Davis*, and then quite conclusory states that he has a fundamental liberty interest in 'being free from official restraint[,]'" and that he suffers a violation of his right to due process in not receiving a bond redetermination hearing.[7]

To the extent Petitioner raises a due process claim under *Zadvydas*, the Court rejects it for two reasons. First, Petitioner has failed to present any facts indicating that ICE is unable to effectuate his removal, thus causing his detention to be indefinite. Second, Petitioner filed this claim on November 25, 2025, about thirteen weeks before *Zadvydas*'s presumptively constitutional six-month detention period lapsed.[8] As this Court discussed in *Zhang v. Grant*, the facts of habeas petition are based on the facts that existed at the time the petition was filed.[9] Petitioner's due process claim is therefore premature.

---

[6] *See Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026).

[7] *Id.* at *5.

[8] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

[9] *Zhang v. Grant*, No. CIV-25-1301-PRW, Order at 6–7 (W.D. Okla. Feb. 3, 2026), ECF No. 19; *see Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) ("This

*Conclusion*

For the foregoing reasons, Petitioner's Petition (Dkt. 1) is **DENIED**. A separate judgment will follow.

**IT IS SO ORDERED** this 24th day of April 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas.").